FILED-E04

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS  01 DEC 12 PM 3:48
EASTERN DIVISION

U.S. DISTRICT COURT

| | | |
|---|---|---|
| TY INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 5230 |
| | ) | |
| vs. | ) | Judge Norgle |
| | ) | |
| SOFTBELLY'S INC., POSITIVE | ) | Magistrate Judge Levin |
| PRODUCTS CONSULTANTS, LLC, | ) | |
| THOMAS DEVANEY, and STEPHEN | ) | |
| PLAKCY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO: Louise T. Walsh, Esq.
Welsh & Katz, Ltd.
120 N. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606

**PLEASE TAKE NOTICE** that on **Friday, December 14, 2001**, at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the **Honorable Charles R. Norgle**, or any other judge sitting in his stead, in Room 2341, at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Defendants' Motion To Compel The Production Of Documents From Plaintiff Ty, Inc.**, a copy of which is hereby served upon you.

By: _____
One of Defendants' Attorneys

Andrew M. Hale
Kevin W. Horan
John J. Rock
Rock, Fusco & Garvey, Ltd.
350 North LaSalle Street, Suite 900
Chicago, Illinois 60610
(312) 464-3500



DEC 17 2001

## CERTIFICATE OF SERVICE

I state that I caused to be served a copy of the attached **Notice of Motion of Defendants' Motion To Compel The Production Of Documents From Plaintiff Ty, Inc.** upon:

>Louise T. Walsh, Esq.
>Welsh & Katz, Ltd.
>120 South Riverside Plaza
>Chicago, Illinois 60606

by Hand Delivery on Wednesday, December 12, 2001.

_____
Andrew M. Hale

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-ED4
01 DEC 12 PM 3:49
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| TY INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 5230 |
| | ) | |
| vs. | ) | Judge Norgle |
| | ) | |
| SOFTBELLY'S INC., POSITIVE PRODUCTS CONSULTANTS, LLC, THOMAS DEVANEY, and STEPHEN PLAKCY, | ) ) ) ) | Magistrate Judge Levin |
| | ) | |
| Defendants. | ) | |

DEC 17 2001

## DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PLAINTIFF TY, INC.

Defendants, Softbelly's, Inc. and Positive Products Consultants, L.L.C., by their undersigned attorneys, hereby move this Court, pursuant to Fed.R.Civ.P. 37(a)(2)(B), for an order compelling plaintiff Ty, Inc. ("Ty") to produce the notes of its management meetings and the agendas of its weekly sales meetings. In support of their motion, defendants state as follows:

1. Ty makes and sells a bean bag product called "Beanie Babies." Defendants make and sell a bean bag product called "ScreenieBeanies."

2. Ty has sued defendants for trademark infringement (count I), unfair competition and deceptive trade practices (count II), and violation of the Federal Dilution statute (count III). Ty claims that defendants' "ScreenieBeanies" product infringes Ty's purported common-law trademark rights in the words "beanie" and "beanies."

3. Ty witnesses have testified that Ty maintains hard copies of the minutes of its management meetings. Accordingly, defendants requested that Ty produce the following:



> The written notes of all management meetings that refer or relate to any of the following topics: (a) Ty's competition, (b) the sale and marketing of Beanie Babies, (c) the retirement of Beanie Babies, (d) Ty's trademarks, (e) the popularity of Beanie Babies, (f) any sales trends (up or down, or otherwise) for Beanie Babies, (g) the advertising of Beanie Babies, (h) the naming of any product using the words "Beanie" or "Beanies," (i) the types of retailers that Ty will allow to be authorized Ty retailers, (j) potential infringing product, or (k) holding a global vote to decide whether Ty should continue to make and sell Beanie Babies, as Michael Kanzler testified at page 70 of his deposition and as Sharon Altier testified at pages 121-122 of her deposition.

(Request no. 26, Defendants' Fourth Request For Production Of Documents).

4. Ty, however, has objected to this request and refused to produce documents responsive to subparagraphs (b), (c), (d), (e), (f), (j) and (k). (See Ty's Responses And Objections To Defendants' Fourth Request For Production Of Documents, para. 26, at pp. 7-8, attached hereto as Exhibit "A"). The notes of management meetings requested in these subparagraphs are relevant to the issues in this case and should be produced.

5. Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense or any party. . ." And, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See also In Re: Mercury Finance Co. of Illinois, slip op. No. 97 C 3035, 1999 U.S. Dist. LEXIS 11236 (N.D.Ill. July 12, 1999)(granting motion to compel and citing Rule 26(b)(1)).

6. For example, the sale and marketing of Beanie Babies, subparagraph (b), is relevant to this case. One of the issues this Court will consider when assessing any likelihood of confusion between the parties' respective marks is the area and manner of concurrent use. When considering this factor, the court must "assess whether 'there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties.'" Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891,

900 (7th Cir. 2001). Thus, the sale and marketing of Beanie Babies is a relevant topic of discovery and the notes of any such management meeting should be produced.

7. The retirement of Beanie Babies, subparagraph (c), and holding a global vote to decide whether Ty should continue to make and sell Beanie Babies, subparagraph (k), are also relevant topics of discovery. Defendants have submitted a counterclaim which alleges, in part, that attempted to mislead the public by claiming, in August 1999, that all Beanie Babies would be retired on December 31, 1999. Rather, defendants allege, Ty knew all along that it would not be retiring all Beanie Babies on December 31, 1999. Thus, the notes of any management meeting discussing this topic should be produced.

8. Ty's trademarks, subparagraph (d), are also relevant. Many of Ty's marks, or purported marks, include the words "Beanie" or "Beanies." Since it is the "Beanies" mark that is at issue in this case, the notes of all management meetings that refer or relate to any "Beanie" marks should be produced. In addition, Ty's non-Beanie marks are also relevant to this case, as the notes of management meetings discussing Ty's non-Beanie marks may discuss the manner in which Ty polices its marks and may discuss how Ty attempts, or does not attempt, to educate its employees and the public about Ty's trademark rights. The notes of any management meeting discussing any of Ty's trademarks should be produced.

9. The popularity of Beanie Babies, subparagraph (e), is also a relevant topic for discovery. Count III of Ty's first amended complaint alleges a violation of the Federal Dilution Statute, 15 U.S.C. sec. 1125(c). To prove trademark dilution, Ty must establish, among other things, that its marks are famous. See Syndicate Sales, Inc. v. Hampshire Paper Corp., 192 F.3d 633, 639 (7th Cir. 1999). Ty has alleged that "[s]ince their introduction in November of 1993 the BEANIE

BABIES and BEANIES or BEANIE trademarks have achieved a phenomenal level of consumer recognition in all areas of the United States and abroad. The BEANIE BABIES and BEANIE(S) marks and their variations became famous throughout the United States prior to Defendants' use of the marks "Screenie Beanies" and "The Screenie Beanies Collection." (Ty's First Amended Complaint, para. 35). The popularity of Beanie Babies is directly relevant to the issue of whether Ty's purported Beanie marks are famous or not. Thus, the notes of any management meeting discussing the popularity of Beanie Babies (whether that popularity was increasing, decreasing, etc.) should be produced.

10. For similar reasons, the sales trends of Beanie Babies (up or down, or otherwise), subparagraph (f), are also relevant. Sales trends are a reflection of popularity and, as such, are relevant to Ty's trademark dilution claim, wherein Ty must prove that its purported "Beanie" mark is famous. Thus, the notes of any management meeting discussing any sales trends of Beanie Babies should be produced.

11. Potential infringing product, subparagraph (j), is also a relevant topic of discovery. One of the likelihood of confusion factors is the similarity of the products at issue. Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 899-900 (7th Cir. 2001). Defendants are entitled to know that types of products Ty believes infringe its products and to assess whether those products are similar, or not, to defendants' product. And, on the flipside, there may be certain types of products that Ty does not believe infringe its products. Likewise, defendants are entitled to know what types of products those are. Any notes of management meetings that discuss potential infringing product should be produced.

12. Ty witnesses have also testified that Ty holds weekly sales and marketing meetings and that Ty maintains hard copies of the agendas of these weekly sales and marketing meetings.

Thus, defendants requested that Ty produce "The written agendas of all the weekly sales and marketing meetings, as Joy Mitchell testified at page 31 of her deposition." (Defendants' Fourth Request For Production Of Documents, para. 32).

13. Ty, however, has refused to produce any of the agendas from its weekly sales and marketing meetings, claiming they are not relevant. (See Ty's Responses And Objections To Defendants' Fourth Request For Production Of Documents, para. 32, at p. 9, attached hereto as Exhibit "A"). Again, Ty's relevance objection should be rejected.

14. As discussed above, the sales and marketing of Beanie Babies is a relevant topic of discovery in this case. As discussed earlier, one of the factors this Court will consider when assessing any likelihood of confusion between the parties' respective marks is the area and manner of concurrent use. When considering this factor, the court must "assess whether 'there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties.'" Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 900 (7th Cir. 20001). The notes of any management meeting discussing the sales and marketing of Beanie Babies is directly relevant to this issue and is reasonably calculated to lead to the discovery of admissible evidence. Ty should produce all the agendas of its weekly sales and marketing meetings.

15. In compliance with Local Rule 37.2, on December 11, 2001, Andrew M. Hale, one of the attorneys for the defendants, spoke on the telephone with Louise T. Walsh, one of the attorneys for Ty, in an attempt to resolve Ty's objections to the documents requested herein. Unfortunately, Ty has refused to withdraw its objections and the parties were unable to resolve the instant dispute.

5

WHEREFORE, defendants Softbelly's Inc. and Positive Products Consultants, L.L.C. respectfully request that this Court enter and Order compelling plaintiff Ty, Inc. to produce the documents requested in paragraphs 26 and 32 of defendants' fourth request for production of documents within seven (7) days.

By: /s/ Andrew Hale
One of Defendants' Attorneys

Andrew M. Hale
Kevin W. Horan
John J. Rock
Rock, Fusco & Garvey, Ltd.
350 North LaSalle Street, Suite 900
Chicago, Illinois 60610
(312) 464-3500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., <br><br> Plaintiff, <br><br> v. <br><br> SOFTBELLY'S INC., POSITIVE PRODUCTS CONSULTANTS, LLC., THOMAS DEVANEY and STEPHEN PLAKCY, <br><br> Defendants. | Civil Action No. 00 C 5230 <br><br> Judge Norgle <br><br> Magistrate Judge Levin |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Ty Inc. ("Ty") hereby responds to Defendants' Softbelly's Inc.'s and Positive Products Consultants, LLC.'s (collectively "Defendants") Fourth Request for Production of Documents, pursuant to Fed.R.Civ.P. 26 and 34, as follows:

### GENERAL OBJECTIONS

The general objections set forth in Plaintiff's Responses and Objections to Defendants' First Set of Requests For Production of Documents are hereby incorporated by this reference.

### RESPONSES

1. All reports that Michael Kanzler has received from Linda Colson, or anyone else, that contain an "analysis of competitors," as Mr. Kanzler testified at page 14 of his deposition.

RESPONSE: Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified. Subject to and



without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff will produce such documents to the extent that such documents exist and are relevant.

2. Any other documents that contain an analysis of Ty's competitors.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff has no responsive documents.

3. All sales reports that Michael Kanzler has received from Steve Bornholdt, or anyone else, that refer or relate to Beanie Babies, as Mr. Kanzler testified at page 13 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified.

4. All reports that Michael Kanzler has received from Linda Colson, or anyone else, that contain a "marketing calendar," as Mr. Kanzler testified at page 14 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff will produce such documents to the extent that such documents exist and are relevant.

5. All reports that Michael Kanzler has received from Linda Colson, or anyone else, that discuss or mention upcoming "marketing initiatives," as Mr. Kanzler testified at page 14 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified.

6. All reports that Michael Kanzler has received from Linda Colson, or anyone else, that discuss or mention how well Beanie Babies are selling, as Mr. Kanzler testified at page 14 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified.

7. All documents that discuss or mention any estimate of Ty's market share or the inability to determine Ty's market share.

**RESPONSE:** Plaintiff objects to this request as vague as to the meaning of "market" and "market share" in that the term "market" is undefined. Subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff has no responsive documents.

8. All documents that discuss or mention the results of the questionnaire that Ty sent to persons who joined the Beanie Babies Official Club (BBOC), as Mr. Kanzler testified at pages 22-23 of his deposition, including but not limited to any e-mail messages sent to Mr. Kanzler.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and Plaintiff's General Objections, Plaintiff will produce such documents to the extent that such documents exist and are relevant.

9. All shipping and delivery reports that refer or relate to Beanie Babies that Michael Kanzler received from Bob Batson from July 1999 through July 2000, as Mr. Kanzler testified at page 29-30 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

10. All budgets and sales budgets that refer or relate to Beanie Babies that Michael Kanzler received from Mark Jeremias from July 1999 through July 2000, as Mr. Kanzler testified at page 30 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

11. All reports regarding the future development of products that Michael Kanzler has received from Mark Jeremias that discuss or mention the words "Beanie" or "Beanies."

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as vague and that no time period has been specified. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff has no responsive documents.

12. All documents that compare Ty's sales and orders of Beanie Babies against Ty's budgeted sales and orders of Beanie Babies from July 1999 through July 2000, as Michael Kanzler testified at page 31 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

13. All budgets that Michael Kanzler has received from Michael Wienski that refer or relate to Beanie Babies from July 1999 through July 2000, as Mr. Kanzler testified at page 31 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

14.  All documents that compared the sales and budget of Beanie Babies in 1998 to the sales and budget of Beanie Babies in 1999, as Michael Kanzler testified at page 32 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

15.  All documents that compared the sales and budget of Beanie Babies in 1999 to the sales and budget of Beanie Babies in 2000, as Michael Kanzler testified at page 32 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

16.  All documents that refer or relate to any discussion or analysis of Russ Berrie, as Michael Kanzler testified at page 34 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.  All weekly reports on cash requirements for purchases of Beanie Babies overseas that Michael Kanzler received from Sharon Altier from July 1999 through July 2000, as Mr. Kanzler testified at page 35 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

18. All documents that contain cash flow projections regarding the sale of Beanie Babies that Michael Kanzler prepared during 1999, as Mr. Kanzler testified at page 36 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

19. All order reports for Beanie Babies and/or reports that track the movement of Beanie Babies from Ty's manufacturers to Ty's distribution center from July 1999 through July 2000, as Michael Kanzler testified at pages 39-40 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

20. All documents from Ty's forecasting group for the time period July 1999 through July 2000 that refer or relate to the manufacture of Beanie Babies, as Michael Kanzler testified at page 41 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

21. All "sell through reports" from July 1999 through July 2000 that refer or relate to Beanie Babies, as Michael Kanzler testified at pages 42-43 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

22. All documents for the time period January 1, 1999 through August 31, 1999, that refer or relate to any discussions regarding what efforts, if any, could be made to boost the sales of Beanie Babies, as Michael Kanzler testified at page 53 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23. All documents that reflect the revisions Michael Kanzler made to Ty's cash flow projections due to Ty's decision, in August 1999, to stop making and selling Beanie Babies after December 31, 1999, as Mr. Kanzler testified at pages 53-54 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24. All documents that refer or relate to the job eliminations that resulted from Ty's decision, in August 1999, to stop making and selling Beanie Babies after December 31, 1999, as Michael Kanzler testified at page 58 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25. All sales reports that Michael Kanzler received which allowed him to conclude that Beanie Babies sales increased due to Ty's decision, in August 1999, to stop making and selling Beanie Babies after December 31, 1999, as Mr. Kanzler testified at page 61 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

26. The written notes of all management meetings that refer or relate to any of the following topics: (a) Ty's competition, (b) the sale and marketing of Beanie babies, (c) the retirement of Beanie Babies, (d) Ty's trademarks, (e) the popularity of Beanie Babies, (f) any sales trends (up or down, or otherwise) for Beanie Babies, (g) the advertising of Beanie Babies, (h) the naming of any product using the words "Beanie" or "Beanies," (i) the types of retailers that Ty will allow to be authorized Ty retailers, (j) potential infringing product, or (k) holding a global vote to decide whether Ty should continue to make and sell Beanie Babies, as Michael Kanzler testified at page 70 of his deposition and as Sharon Altier testified at pages 121-122 of her deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive. Plaintiff further objects to this request as vague and that no time period has been specified. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff will

7

produce documents responsive to (a), (g), (h), and (i) to the extent that such documents exist and are relevant.

27. All documents Ty sent to, or received from, Patricia Roche, regarding the retirement, or possible retirement, of all Beanie Babies, as Michael Kanzler testified at pages 74-75 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

28. All documents that refer or relate to any discussion regarding the sale of Pokemon products or whether the sale of Pokemon products was hurting the sales of Beanie Babies, as Michael Kanzler testified at pages 82-83 of his deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

29. All faxes/letters sent by Sharon Altier to Ty's manufacturers regarding the order or shipment of Beanie Babies during the months of July 1999 through July 2000, as Ms. Altier testified at pages 136-137 of her deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

30. All documents that refer or relate to orders of Beanie Babies from Ty's distributors during the time period July 1999 through July 2000, as Sharon Altier testified at page 149 of her deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

31. All reports that Sharon Altier submitted to Mark Jeremias that refer or relate to the ordering, distribution, or sale of Beanie Babies for the time period July 1999 through July 2000.

8

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

32. The written agendas of all the weekly sales and marketing meetings, as Joy Mitchell testified at page 31 of her deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overly broad, unduly burdensome and oppressive.

33. All documents that refer or relate to the naming of Ty's "Jingle Beanies" product.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as vague. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff has no responsive documents.

34. All documents that refer or relate to the naming of Ty's "Halloweenie Beanies" product.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as vague. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff has no responsive documents.

35. All documents that Ty received from the public regarding its decision, in August 1999, to stop making and selling Beanie Babies after December 31, 1999, as Joy Mitchell testified at page 53 of her deposition.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

36. All correspondence between Ty Inc. and SGS Net that refers or relates to a public vote regarding Beanie Babies, as Joy Mitchell testified at pages 54-56 of her deposition.

9

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

37. All documents that refer or relate to the naming of Ty's "Zodiac Beanies" product line.

**RESPONSE:** Plaintiff objects to this request in that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as vague. Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff has no responsive documents.

Dated: October 22, 2001

_____
James P. White, Esq.
Laurie A. Haynie, Esq.
Louise T. Walsh, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606
(312) 655-1500
Counsel for Plaintiff Ty Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Plaintiff's Responses And Objections To Defendants' Fourth Request for Production of Documents** has been served this 22nd day of October, 2001 by first class U.S. mail, on the following:

Andrew M. Hale
Kevin W. Horan
John J. Rock
Rock, Fusco & Garvey, Ltd.
350 N. LaSalle St., Suite 900
Chicago, IL 60610

*Louise F. Walsh*
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I state that I caused to be served a copy of the attached **Defendants' Motion To Compel The Production Of Documents From Plaintiff Ty, Inc.** upon:

>Louise T. Walsh, Esq.
>Welsh & Katz, Ltd.
>120 South Riverside Plaza
>Chicago, Illinois 60606

by Hand Delivery on Wednesday, December 12, 2001.

*/s/ Andrew M. Hale*
Andrew M. Hale