UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 00 C 5230 |
| | ) Judge Joan H. Lefkow |
| SOFTBELLY'S INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are motions of Ty Inc. ("Ty") for reconsideration or, in the alternative, to certify the court's February 9, 2005 order for interlocutory appeal and for reconsideration in light of the U.S. Supreme Court's ruling in *Arthur Andersen LLP* v. *United States*, 505 U.S. ___, 161 L. Ed. 2d 1008, 125 S. Ct. 2129 (2005). For the reasons stated below, the court grants Ty's motion for reconsideration insofar as the findings of facts are modified but denies Ty's request to modify the judgment of forfeiture, denies Ty's motion for reconsideration in light of *Arthur Andersen*, and denies the motion to certify an interlocutory appeal.

I.     MOTION TO RECONSIDER STANDARD

A motion for reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence, and whether to grant such a motion is within the discretion of the court. *Caisse Nationale Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). The problems warranting such a grant are rare. *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

## II. DISCUSSION

### A. Background

On February 9, 2005, this court entered its findings of fact and conclusions of law in relation to an evidentiary hearing held on May 21, 2004, continuing on October 1, 2004, on the issue of whether Ty Warner ("Warner"), president and sole shareholder of Ty, had engaged in witness tampering or other serious misconduct on March 1, 2002, by attempting to dissuade a witness from testifying at trial. *See Ty Inc. v. Softbelly's, Inc.*, No. 00 C 5230, 2005 U.S. Dist. LEXIS 4509 (N.D. Ill. Feb. 9, 2005). The court found, by a preponderance of the evidence, that Warner telephoned Harold Nizamian ("Nizamian") with the intention of dissuading Nizamian from testifying against Ty during the trial on Ty's claim of trademark infringement and that Nizamian was dissuaded from testifying. Slip. Op. at 10.

The court ruled that a monetary sanction was appropriate pursuant to the court's inherent ability to sanction a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Slip. Op. at 12, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1993). Specifically, the court forfeited the damages award in the amount of $716,046.47, thereby limiting Ty's recovery to injunctive relief and costs. The court further awarded Softbelly's its costs and reasonable attorneys' fees relating to its post-trial motion and the evidentiary hearing on the issue of witness tampering.

### B. Sanctions Against Ty

In its pending motion for reconsideration, Ty argues that the court erred in applying the

2

preponderance of the evidence standard rather than the clear and convincing standard in finding that Warner possessed the requisite bad faith for punitive sanctions pursuant to the court's inherent authority. Further, Ty argues that the court's conclusion that Warner lied during the evidentiary hearing was not sufficient to find bad faith, even under the preponderance standard and, relying on the recent decision in *Arthur Andersen, LLP* v. *United States*, 544 U.S. ___, 125 S. Ct. 2129 (2005), the court's conclusion that Warner engaged in witness tampering is unfounded. As these facts were important to the court's finding of bad faith, Ty contends that the court's sanction was unsupported. Softbelly's responds that the criteria for granting a motion for reconsideration or for interlocutory appeal have not been met; indeed, the court correctly applied a preponderance of the evidence standard of proof; and its findings of fact were correct. Softbelly's aruges that *Arthur Andersen* is inapplicable here.

The heart of Ty's objection to the decision is found in the following statements by this court:

> Not only did Warner telephone Nizamian to dissuade him from testifying, it follows that Warner also lied during the evidentiary hearing regarding the witness tampering issue, despite being under oath. Lying cannot be condoned in any formal proceeding, *Quela*, 2000 U.S. Dist. LEXIS 6932 at *19-20, and the court cannot tolerate such abuses of the judicial process, particularly from as frequent a litigator as Ty. By engaging in witness tampering and by subsequently offering false testimony before this court while under oath, the court finds that Warner possessed the requisite bad faith for this court to impose sanctions against Ty.

Findings of Fact and Conclusions of Law at 15-16.

Ty urges that the court must apply a clear and convincing standard of proof, but the court is satisfied, until advised to the contrary by our court of appeals, that the court's decision to sanction

under its inherent power may rest on the preponderance of the evidence.[1] The more troubling issue here is whether the preponderance of the evidence supported the conclusions of fact that Warner lied ("offered false testimony" in the sense of perjury), and that he engaged in "witness tampering" and, if not, whether the conclusion of bad faith which supported the sanction must be revisited.

A. Lying under oath.

The court considered Warner's testimony, observed his demeanor while he testified, and concluded that Warner was not a credible witness. Although, one nearly inescapable inference to be drawn from this finding is that the witness "lied," in the parlance of law, there is a distinction between lying and being not credible. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 520-21,

---

[1] The presumed standard of proof in civil actions between private litigants is the "preponderance of the evidence" standard unless "particularly important individual interests or rights are at stake." *Grogan v. Garner*, 498 U.S. 279 at 286, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991), quoting *Herman & McLean v. Huddleston*, 459 U.S. 375, 389-390, 74 L. Ed. 2d 548, 103 S. Ct. 683 (1983). The Supreme Court also has recognized that "imposition of even severe civil sanctions that do not implicate such [important individual] interests has been permitted after proof by a preponderance of the evidence." *Herman & McLean*, 459 U.S. at 389, citing *United States v. Regan*, 232 U.S. 48-49, 58 L. Ed. 494, 34 S. Ct. 213 (1914) (proof by a preponderance of the evidence suffices in civil suits involving proof of acts that expose a party to criminal prosecution). Warner's individual interest in maintaining his reputation is not on par with those particularly important individual interest or rights at stake in cases in which the clear and convincing standard was applied. *See, e.g., Stantosky v. Kramer*, 455 U.S. 745, 747, 71 L. Ed. 2d 599, 102 S. Ct. 1388 (1982) (termination of parental rights); *Woodby v. INS*, 385 U.S. 276 at 285, 17 L. Ed. 2d 362, 87 S. Ct. 483 (1966) (deportation); *Chaunt v. United States*, 364 U.S. 350, 353, 5 L. Ed. 2d 120, 81 S. Ct. 147 (1960) (denaturalization); *Schneiderman v. United States*, 320 U.S. 118, 125, 159, 87 L. Ed. 1796, 63 S. Ct. 1333 (1943) (denaturalization). Warner's interest in protecting his reputation is instead more akin to the individual interests at issue in cases applying the preponderance of the evidence standard. *See Grogan, supra*, at 498 U.S. at 286 (preponderance standard applies to the dischargeability exceptions in 11 U.S.C. § 523(a) of the Bankruptcy Code, even when the nondischargeability asserted was based on fraud); *Steadman v. S.E.C.*, 450 U.S. 91, 67 L. Ed. 2d 69, 101 S. Ct. 999 (1981) (upholding use of the preponderance standard in SEC administrative proceedings concerning alleged violations of the anti-fraud provisions even though possible sanctions included an order permanently barring an individual from practicing his profession); *Herman & McLean, supra*, 459 U.S. at 390 (noting that "defendants face the risk of opprobrium that may result from a finding of fraudulent conduct" while holding that persons seeking recovery under § 10(b) of the Securities Act of 1934 need prove their cause of action by a preponderance of the evidence only). Although Warner and other litigants have an important interest in seeing that their reputations are not tarnished unjustifiably by accusations of witness tampering, this interest does not outweigh the interests of the court and litigants in maintaining the integrity and truth-finding function of the judicial process.

4

125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993) (noting absurdity in calling a party whose testimony is disbelieved by a preponderance of the evidence, a "perjurer and a liar"). This court is not prepared to find that Warner committed perjury. Nevertheless, it adheres to the view that Warner was not credible and does not attribute his lack of credibility to memory lapse. As such, this finding, while still consistent with bad faith, may not be alone sufficient to support a conclusion of bad faith.[2]

B. Witness tampering.

In its motion for reconsideration in light of *Arthur Andersen*, Ty argues that Warner's conduct does not constitute witness tampering because the court did not find that Warner "corruptly" persuaded Nizamian not to testify. In *Arthur Andersen*, the Supreme Court held that the jury instructions in a criminal action failed to convey properly the elements of a "corrupt persuasion" conviction under § 1512(b).[3] 125 S. Ct. at 2131. The court agrees with Ty that the preponderance of the evidence does not support a finding that Warner "corruptly" persuaded Nizamian not to testify within the reach of § 1512(b). And for lack of any other definition of witness tampering than this statute (which was the court of appeals' source for the term), *see Ty, Inc. v. Softbelly's, Inc.*, 353 F.3d 528 at 536 (7th Cir. 2004), the court is persuaded that its finding that Warner tampered with a witness is not supported by the evidence. This does not impel the conclusion that the court reached the wrong result, however, because the record supports the conclusion that Warner engaged in

---

[2] By failing to address Ty's argument that the court's bad faith determination cannot be based on the court's conclusion that Warner lied during the evidentiary hearing, Softbelly's implicitly concedes this point.

[3] 18 U.S.C.A. § 1512( b), in relevant portion, provides, "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--(1) influence, delay, or prevent the testimony of any person in an official proceeding; . . . shall be fined under this title or imprisoned not more than ten years, or both."

5

sanctionable misconduct.[4] Ty is reminded of the court of appeals' summation: "Had the judge concluded that Nizamian's version of the phone conversation was accurate, there would have been compelling evidence of serious misconduct on Warner's part, requiring a commensurately severe sanction, quite possibly dismissal of Ty's suit." *Id.* at 537. Therefore, the court vacates its findings of fact that Warner lied to the court because that term implies the offering of perjured testimony and that Warner tampered with witness Nizamian because the elements of proof necessary to such a finding were not established. Nevertheless, it finds that the serious misconduct supports the sanction imposed under the court's inherent power.

The court stands by its decision to award sanctions against Ty because Warner's conduct was undertaken in disregard for the integrity of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) (courts possess the inherent power to sanction a party who acts in "bad faith, vexatiously, wantonly, or for oppressive reasons"). As recognized previously by this court, "[o]ur legal system is dependent upon the willingness of the litigants to allow an honest and true airing of the real facts....[O]ur court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process." Slip. Op. at 14, quoting *Quela v. Payco-Gen. Am. Creditas, Inc.*, No. 99 C 1904, 2000 U.S. Dist. LEXIS 6932, at *20-21, 2000 WL 656681 (N.D. Ill. May 18, 2000). Although Warner's actions were not criminal or quasi-criminal in nature, they interfered with Softbelly's ability to present its defense and thereby impaired an honest and true airing of the real facts. The court relied on certain mitigating factors as a basis for a monetary sanction rather than dismissal, even though dismissal is within the court's

---

[4]The court of appeals instructed that even if Warner's conduct was "better described as 'other misconduct,' the sanctions of Rule 60(b)(3) applied as well. 353 F.3d at 536.

inherent authority in an appropriate case. For all of these reasons, the court grants the motion insofar as it modifies the conclusions of fact but stands by its conclusion of law that forfeiture of damages is a just sanction.

E. Certificate of Appealability

Ty also has moved this court pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal. Such motions should be granted sparingly and with discrimination, with certification being the exception, not the rule. *Amoroso v. Crescent Private Capital, L.P.*, No. 02 C 1453, 2003 U.S. Dist. LEXIS 21368, at *5 (N.D. Ill. Nov. 26, 2003). Accordingly, defendants must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972), *cert. denied*, 405 U.S. 1041, 31 L. Ed. 2d 581, 92 S. Ct. 1312 (1972).

In considering whether to grant a motion pursuant to § 1292(b), the court must decide whether the order sought to be appealed involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, (3) an immediate appeal may materially advance the ultimate termination of the litigation, and (4) the petition to appeal is filed in the district court within a reasonable time after the entry of the order sought to be appealed. *Ahrenholz v. Board of Trustees*, 219 F.3d 674 at 675 (7th Cir. 2000).

For purposes of § 1292(b), a controlling question of law is a "question regarding the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002). The Seventh Circuit has explained further that the question should concern an abstract legal issue, "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 212 F.3d at 677.

7

The court finds that certification is not appropriate in this matter. While the burden of proof applicable to the court's use of its inherent power to sanction is a question of law, it is not an issue that can be decided "quickly and cleanly without having to study the record." *Id.* It also does not affect the burden of proof at trial or resolve the pending trademark claims. In addition, the present opinion addresses and resolves many of the concerns raised by Ty, including whether Softbelly's may use the court's finding that Warner lied during trial (no).[5] Therefore, the court denies Ty's motion to certify an interlocutory appeal.

### ORDER

For the reasons stated above, the court grants in part and denies in part Ty's motion for reconsideration [#326], denies Ty's motion to certify an interlocutory appeal [#328], and denies Ty's motion for reconsideration in light of *Arthur Andersen* [#343]. The court vacates its finding that Ty Warner lied during the evidentiary hearing and its finding that Warner engaged in witness tampering. The conclusion that forfeiture is a proper sanction stands.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: September 30, 2005

---

[5]The court notes that Ty continues to possess the right to a trial by jury in the upcoming trial. The court did not eliminate Ty's legal, as opposed to equitable, claims; it forfeited Ty's prospective damages award. Ty would receive such an award only if the jury determines that Softbelly's infringed Ty's trademark and that Ty suffered damages. Additionally, Ty's complaint seeks an award of monetary damages, and "when monetary damages of any kind are sought, the issues of infringement and willfulness are for the jury to resolve." *Video Views v. Studio 21*, 925 F.2d 1010 at 1016 (7th Cir. 1991), *disapproved on other grounds by Budget Cinema v. Watertower Assocs.*, 81 F.3d 729 (7th Cir. 1996). The Seventh Circuit also gave instructions that the new trial should be limited to liability, and not revisit damages. 353 F.3d at 536. Thus, regardless of the forfeiture, the jury in the new trial would not have heard or considered evidence as to the amount of Ty's damages.