IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., <br><br> Plaintiff, <br> v. <br><br> SOFTBELLY'S INC. and POSITIVE PRODUCTS CONSULTANTS, LLC, <br><br> Defendants. | Civil Action No. 00 C 5230 <br><br> Judge Lefkow <br><br> Magistrate Judge Levin |

## **FINAL PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to

Fed.R.Civ.P. ("Rule") 16, and

    James P. White
    Louise T. Walsh
    J. Aron Carnahan
    WELSH & KATZ, LTD.
    120 S. Riverside Plaza • 22nd Floor
    Chicago, IL  60606
    (312) 655-1500

having appeared as counsel for Plaintiff Ty Inc. ("Plaintiff" or "Ty"), and

    Andrew M. Hale
    Kevin W. Horan
    John J. Rock
    ROCK FUSCO, LLC
    321 N. Clark, Suite 2200
    Chicago, Illinois 60610
    (312) 494-1000

having appeared as counsel for Defendants Softbelly's Inc. and Positive Products Consultants,

LLC (collectively "Defendants" or "Softbelly's"), the following actions were taken:

1.   This is an action for trademark infringement, trademark dilution, false designation of origin, and related unfair competition, brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and for unfair competition and deceptive trade practices brought under state common law. Jurisdiction is predicated upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Jurisdiction is not disputed.

2.   The following stipulations and statements were submitted and are attached to and made a part of this Order:

    **A.**   **Agreed Statement Of Uncontested Facts**

1.   Plaintiff Ty Inc. is a Delaware corporation with its principal place of business in Westmont, Illinois.

2.   Defendant Softbelly's Inc. ("Softbelly's") is a Nevada corporation with its principal place of business located at 3727 West Magnolia Boulevard, Suite 271, Burbank, California 91510.

3.   Defendant Positive Products Consultants, LLC ("PPC") is a California limited liability company with its principal place of business located at 3727 West Magnolia Boulevard, Suite 271, Burbank, California 91510.

    **B.**   **Statement Of Contested Issues Of Fact And Law**

        **(a)**   **Plaintiff's Statement Of Contested Issues Of Fact and Law**

1.   Whether Ty owns valid and protectible trademarks in its registered marks BEANIE BABIES and THE BEANIE BABIES COLLECTION.

2.   Whether Ty's unregistered mark BEANIE(S) is a valid and protectible trademark.

3.   Whether the mark BEANIE(S) is inherently distinctive.

4.   Whether the mark BEANIE(S) is descriptive.

5. Whether the mark BEANIE(S) is generic.

6. If the mark BEANIE(S) is descriptive, whether it has gained distinctiveness by the acquisition of secondary meaning.

7. Whether Ty used the mark BEANIE(S) as a trademark for plush toys before Defendants began to use the term SCREENIE BEANIES to market their plush toys.

8. If the mark BEANIE(S) is descriptive, whether it acquired secondary meaning before Defendants began to use the term SCREENIE BEANIES to market their plush toys.

9. Whether the public began to use the mark BEANIE(S) as a nickname for Ty's BEANIE BABIES plush toys before Defendants began to use the term SCREENIE BEANIES to market their plush toys.

10. Whether there is likely to be confusion as to the affiliation, connection, association, sponsorship, origin or approval between Ty and/or its Beanie Babies plush toys and Defendants' Screenie Beanies plush toys.

11. Whether there is similarity between Ty's BEANIE BABIES, THE BEANIE BABIES COLLECTION, and BEANIE(S) marks and Defendants' SCREENIE BEANIES and THE SCREENIE BEANIES COLLECTION marks.

12. Whether Ty's Beanie Babies plush toys are similar to Defendants' Screenie Beanies plush toys.

13. Whether the use, promotion, distribution, or sales of the parties' products are related.

14. Whether consumers are likely to exercise care in purchasing the parties' respective products.

15. Whether Ty's BEANIE BABIES, THE BEANIE BABIES COLLECTION, and BEANIE(S) marks are strong.

16. Whether there has been any actual confusion between Ty's Beanie Babies toys and Defendants' Screenie Beanies toys.

17. Whether Defendants intended to trade on Ty's good will by using the names Screenie Beanies and The Screenie Beanies Collection.

18. Whether Defendants knew of Ty's Beanie Babies plush toys before introducing their Screenie Beanies plush toys.

19. Whether Ty's BEANIE BABIES, THE BEANIE BABIES COLLECTION and/or BEANIE(S) marks are famous.

20. Whether Defendants adopted their SCREENIE BEANIES and THE SCREENIE BEANIES COLLECTION marks after Ty's marks became famous.

21. Whether Defendants' use of the marks SCREENIE BEANIES and THE SCREENIE BEANIES COLLECTION causes actual dilution of Ty's marks.

22. Whether Defendants' use of their SCREENIE BEANIES and THE SCREENIE BEANIES COLLECTION marks are commercial and in commerce.

23. Whether Defendants have violated Sections 32 and 43(a) & (c) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) & (c), respectively.

24. Whether Defendants engaged in unfair competition and deceptive trade practices in violation of federal law and the common law of the State of Illinois.

25. Whether Defendants have infringed Ty's trademark rights in its registered marks BEANIE BABIES and THE BEANIE BABIES COLLECTION under Section 32 of the Lanham Act, 15 U.S.C. § 1114 by manufacturing, importing, advertising, displaying, distributing, selling,

4

and/or offering to sell certain plush toys using the names Screenie Beanies and The Screenie Beanies Collection.

26. Whether Defendants have infringed Ty's trademark rights in its BEANIE(S) mark under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by manufacturing, importing, advertising, displaying, distributing, selling, and/or offering to sell certain plush toys using the names Screenie Beanies and The Screenie Beanies Collection.

27. Whether Defendants have engaged in unfair competition (under federal and/or Illinois common law) by manufacturing, importing, advertising, displaying, distributing, selling, and/or offering to sell certain plush toys using the names Screenie Beanies and The Screenie Beanies Collection.

28. Whether Defendants have diluted Ty's famous trademarks by manufacturing, importing, advertising, displaying, distributing, selling, and/or offering to sell certain plush toys using the names Screenie Beanies and The Screenie Beanies Collection.

29. Whether this is an exceptional case warranting an award of attorneys' fees, and in what amount.

**(b)** **Defendants' Statement Of Contested Issues Of Fact And Law**

1. Whether Ty has common law trademark rights in the word "beanie."

2. Whether "beanie" has become a generic term for small plush toys filled with bean-like materials.

3. If "beanie" has not become generic, whether Softbelly's "Screenie Beanies" mark is likely to make consumers think that Softbelly's product is actually a Ty brand.

4. Whether Softbelly's "Screenie Beanies" mark dilutes Ty's "Beanie Babies" mark and Ty's purported "beanie" mark.

5

5. Whether the primary significance of the term "beanie" is generic, i.e., a common name for small plush toys filled with bean-like materials.

6. If not generic, whether the mark "beanie" is descriptive.

7. Whether the term "beanie" had secondary meaning prior to the date Softbelly's began using its Screenie Beanies mark.

8. Whether the parties' marks are different in sound, appearance, meaning and connotation.

9. Whether Ty's Beanie Babies and Softbelly's Screenie Beanies are similar products.

10. Whether consumers would use Ty's Beanie Babies in conjunction with Softbelly's Screenie Beanies.

11. Whether Ty's Beanie Babies have a similar retail price as Softbelly's Screenie Beanies.

12. Whether Ty's Beanie Babies and Softbelly's Screenie Beanies are sold in the same stores.

13. Whether Ty's Beanie Babies and Softbelly's Screenie Beanies are advertised in any of the same media.

14. Whether consumers are likely to exercise care when purchasing Ty's Beanie Babies.

15. Whether Ty's red heart hang tag is distinctive and well known to consumers.

16. Whether Ty's purported "beanie" mark is a weak mark.

17. Whether there is any evidence of actual confusion among consumers.

18. Whether Softbelly's chose its Screenie Beanies mark in good faith.

19. Whether Ty can show its marks have actually been diluted by Softbelly's Screenie Beanies mark.

20. Whether Softbelly's Screenie Beanies mark actually lessened the capacity of "Beanies" or "Beanie Babies" to identify and distinguish the plush beanbag animals sold by Ty.

C. **Schedule Of All Exhibits And Demonstrative Evidence**

Plaintiff's schedule of all exhibits and demonstrative evidence is attached hereto as Exhibit A. Defendant's schedule of all exhibits and demonstrative evidence is attached hereto as Exhibit B. Plaintiff's objections to Defendants' trial exhibits and demonstrative exhibits are attached as Exhibit C. Defendants' objections to Plaintiff's trial exhibits and demonstrative exhibits are attached hereto as Exhibit D.

D. **Witness Lists and Statement of Objections**

   (a) **Plaintiff's Witnesses**

Plaintiff will call the following witnesses at trial, in the absence of reasonable notice to the contrary:

1. Scott E. Rogers, General Counsel, Ty Inc., Scandaglia & Ryan, 55 East Monroe St., Suite 3930, Chicago, IL 60603

2. Linda Colson, Ty Inc., 280 Chestnut, Westmont, IL 60559

3. Michael Kanzler, Ty Inc., 280 Chestnut, Westmont, IL 60559

4. Michael Bivens, 9920 N. Decatur St., Portland, OR 97203 (last known address)

5. Henry D. Ostberg, Ph.D., The Admar Group, Inc., 87 Ruckman Rd., Alpine, NJ 07620-1098.

6. Thomas D. Dupont, Ph.D., $D^2$ Research, 71 S. Glen Rd., Kinnelon, NJ 07405.

7. E. Deborah Jay, Ph.D., Field Research Corp., 222 Sutter Street, Suite 700, San Francisco, CA 94108.

8. Ronald R. Butters, Ph.D., Department of English, 314 Allen Building, Duke University, Box 90015, Durham, NC 27708-0015.

9. Michael Lavine, Ph.D., 223 Old Chemistry Bldg., Box 90251, Duke University, Durham, NC 27708-0251.

Plaintiff <u>may</u> call the following witnesses at trial:

1. Ty Warner, Ty Inc., 280 Chestnut, Westmont, IL 60559

2. Thomas Devaney

3. Stephen Plakcy

**(b)** **<u>Defendants' Witnesses</u>**

Defendants <u>will</u> call the following witnesses in the absence of reasonable notice to the contrary:

1. Russ Berrie, Russ Berrie & Co., 111 Bauer Drive, Oakland, New Jersey

2. Thomas Devaney, Softbelly's, Inc., 3727 West Magnolia Boulevard, Suite 271, Burbank, California 91510

3. Richard Janda, PhD., Visiting Assistant Professor of English and Linguistics Department of English, College of William and Mary Williamsburg, VA 23187

4. Doris Lewis c/o ASCE, 1801 Alexander Bell Drive, Reston, VA 20191

5. Nancy Lewis, Ty, Inc., 280 Chestnut, Westmont, IL 60559

6. Anne Nickles, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559 current address unknown

7. Harold A. Nizamian, Timeless Toys, Inc., 23575 Cabot Boulevard, Hayword, CA 94545

8. Steve Plakcy, Softbelly's, Inc., 3727 West Magnolia Boulevard, Suite 271, Burbank, California 91510

9. Ty Warner, Ty, Inc., 280 Chestnut, Westmont, IL 60559

Defendants <u>may</u> call the following witnesses at trial:

1. Sharon Altier, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

2. Steve Bornholdt, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

3. Tom Cavalieri, Viking Office Products, 950 West 190th Street, Torrance, CA 90502

4. Linda Colson, Ty, Inc., 280 Chestnut, Westmont, IL 60559

5. Patrick Edd, Postal Annex +, 7580 Metropolitan Drive, San Diego, CA 92108

6. Tony Esfandiari, Global Marketing Partners, 19528 Ventura Blvd., Tarzana, CA 91356

7. John Ferraioulo, Office Depot, Inc., 2200 Old Germantown Road, Delray Beach, FL 33445

8. Joel Friedman, Barnes & Noble, 122 Fifth Avenue, New York, NY 10011

9. Jerry Greenberg, CompUSA, Inc., 14951 North Dallas Parkway, Dallas, TX 75240

10. John Hong, formerly of Ty Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

11. Mark Jeremias, formerly of Ty Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

12. Chris Johnson, Ty, Inc., 280 Chestnut, Westmont, IL 60559

13. Michael Kanzler, Ty, Inc., 280 Chestnut, Westmont, IL 60559

14. Kathryn Kolder, Fry's Electronics, Inc., 600 East Brokaw, San Jose, CA 95112

15. Faith McGowan, current address unknown

16. Lorrie Smith-McNevin, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

17. Denise Martin, Postal Annex+, 7580 Metropolitan Drive, San Diego, CA 92108

18. Joy Mitchell, Ty Inc., 280 Chestnut, Westmont, IL 60559

19. Rebecca Phillips, 712 Colorado Court, Naperville, IL 60565

20. Scott Rogers, Ty, Inc., 280 Chestnut, Westmont, IL 60559

21. Rick Schewell, BT Office Products, 45449 Severn Way, Suite 155, Sterling, VA 20166

22. Mary Beth Sobolewski, current address unknown

23. Alex Taubman, Barnes & Noble, 122 Fifth Avenue, New York, NY 10011

24. Lina Trivedi, 402 East Palmer Avenue, Addison, IL 60101

25. Lori Tomnitz, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

26. Janet Winter, formerly of Ty, Inc., 280 Chestnut, Westmont, IL 60559, current address unknown

**(c)** **Statements of Objections to Witnesses**

Plaintiff's Statement of Objections to Defendants' Witness List is attached as Exhibit E. Defendants' Statement of Objections to Plaintiff's Witness List is attached as Exhibit F.

**E.** **Stipulations Or Statements As To The Qualifications Of Each Expert Witness**

**(a)** **Plaintiff's Experts**

(1) Henry D. Ostberg, Ph.D.: Dr. Ostberg is the Chairman and President of The Admar Group, Inc., a New Jersey based company engaged in marketing and consumer surveys. Dr. Ostberg received an LL.B. degree from New York University Law School and M.B.A. and Ph.D. degrees from Ohio State University. He has served as an Assistant and Associate Professor, teaching marketing-related subjects, at New York University. He lectures periodically at Columbia Law School on the subject of the use of consumer surveys in trademark litigation. He has been a frequent speaker at many different professional organizations, including the American Marketing Association, the Marketing Research Trade Association, the Advertising Research Foundation, the Association of National Advertising, the New York Bar Association,

10

the International Trademark Association, and over a dozen different trade associations. He has personally conducted or supervised over 2,000 consumer surveys for commercial clients. Dr. Ostberg has served as a marketing research expert in over sixty (60) trademark-related cases. Dr. Ostberg will testify regarding a "genericness" survey conducted by The Admar Group in 2000, *i.e.*, a survey to determine whether the relevant consumers thought "Beanies" was a brand name or a common name.

      (2)    Thomas D. Dupont, Ph.D.: Dr. Dupont is an expert in the field of survey research and consumer behavior. He is also President of D² Research located in Kinnelon, New Jersey. D² Research is a survey research and consulting firm that specializes in the application of social science research techniques to the field of marketing and consumer communications. Over the past 32 years he has personally conducted hundreds of research assignments on a variety of topics, and has had supervisory responsibility for many more, numbering in the thousands. Dr. Dupont received a B.A. in Psychology from Lake Forest College in 1965, a M.S. in Industrial Psychology from Purdue University in 1968 and a Ph.D. from Purdue in Consumer Psychology in 1970. Among the professional associations in which he holds membership are the Market Research Council, the American Marketing Association, and the International Trademark Association. He has been active in the work of the Advertising Research Foundation ("ARF") as a member of the Technical Advisory Committee, the Copy (Advertising) Research Council and the Research Quality Council. He has also been active in the Council of American Survey Research Organizations ("CASRO"), the trade association of the U.S. survey research industry whose 180 member firms conduct the vast majority of U.S. marketing research. He served as a member of the Board of Directors from 1990-1995, and was Chairman of the Board in 1993. Dr. Dupont will testify regarding a "genericness" survey conducted by D² Research in 2005, *i.e.*, a

11

survey to determine whether the relevant consumers thought "Beanies" was a brand name or a common name.

(3)  E. Deborah Jay, Ph.D.: Dr. Deborah Jay is the President and Chief Executive Officer of Field Research Corporation, a San Francisco, California-based research firm specializing in marketing and public opinion surveys. She holds a bachelor's degree in psychology and political science from the University of California at Los Angeles (magna cum laude) and a master's degree and doctorate in political science from the University of California at Berkley, where she has lectured on survey methodology at the graduate and undergraduate levels. Dr. Jay has more than 25 years of experience conducting large-scale surveys of all types (e.g. mail, telephone, and in-person), including surveys for public agencies, nonprofit organizations, private companies and law firms. She is a director and past chair of the Council of American Survey Research Organizations. She has conducted numerous surveys for legal cases, testified in federal court, and has been qualified by several courts as an expert in survey methodology. Dr. Jay will testify regarding a "secondary meaning" survey conducted by Field Research in 1999, *i.e.*, a survey to determine the primary significance of the words "Beanies" and "Beanie."

(4)  Ronald R. Butters, Ph.D.: Dr. Butters is a Professor of English and Cultural Anthropology at Duke University in Durham, North Carolina. His area of specialization is English linguistics, and he chairs the Linguistics Program at Duke University. He has taught courses in writing, introductory literature and linguistics.  He holds a bachelor's degree in English from the University of Iowa, and a Ph.D. degree in English (with concentration in linguistics) from the University of Iowa. He is a member of the American Dialect Society, the Dictionary Society of North America, and the Linguistics Society of America. He has written

12

and had published numerous articles related to linguistics. Dr. Butters will testify as to the genericness of the Beanies mark from a linguistics standpoint.

(5)  Michael Lavine, Ph.D.: Dr. Lavine is a Professor of Statistics at Duke University in Durham, North Carolina. He holds a bachelor's degree in mathematics from Beloit College, a masters degree in mathematics from Dartmouth College, and a Ph.D. in statistics from the University of Minnesota. He is a member of the American Statistics Association and the Institute of Mathematical Statistics. He has written and had published numerous articles in the area of statistics. Dr. Lavine will testify as to certain statistical analysis he provided to Dr. Butters and also his analysis of certain auction internet sites in connection with the genericness of the Beanies mark.

**(b)  Defendant's Experts**

(1)  Richard D. Janda, Ph.D.: Dr. Janda is a Visiting Assistant Professor of English and Linguistics in the Department of English at the College of William and Mary in Williamsburg, Virginia. He holds a bachelor's and master's degree from Stanford University and received his doctorate degree from University of California, Los Angeles. His specializations are in the study of language variation and change as well as in the study of both the rule-governed and the idiosyncratic properties of words (morphology and the lexicon). He has published works relating to linguistics and will testify as to the genericity of the word "beanie" from a linguistics standpoint.

**F.  List Of Depositions, Or Portions Thereof, To Be Read Into Evidence And Statements Of Any Objections Thereto**

**(a)  Plaintiff's Designations**

13

Plaintiff plans to read into evidence at trial portions of the depositions or trial testimony of the witnesses listed below. The portions of the depositions and/or trial testimony to be read into evidence are contained in Exhibit G.

1. Thomas Devaney (Deposition February 18-19, 2002)

2. Stephen Plakcy (Deposition February 19, 2002)

3. Michael Bivens (Trial Testimony March 6, 2002)

4. Stephen Plakcy (Trial Testimony March 12, 2002)

Plaintiff's objections and counter-designations to Defendants' deposition designations are contained in Exhibit I. Plaintiff's objections to Defendants' counter-designations are contained in Exhibit K.

**(b)** **Defendants' Designations**

Defendants designate the deposition transcripts of the witnesses listed below. The portions thereof, to be read into evidence are identified in Exhibit H hereto.

1. Sharon Altier (Deposition July 10, 2001)

2. Russell Berrie (Deposition September 25, 2000 in *Ty Inc. v. The Jones Group, Inc.*, No. 99 C 2057 (N.D.Ill.))

3. Mark Jeremias (Deposition November 1, 2001)

4. Doris Lewis (Deposition October 3, 2001)

5. Joy Mitchell (Deposition August 17, 2001)

6. Anne Nickels (Deposition June 12, 2001)

7. Harold Nizamian (Deposition May 20, 2004)

8. Harold Nizamian (Hearing May 21, 2004)

9. Stephen M. Plakcy (Deposition February 19, 2002)

10. Stephen M. Plakcy (Trial Testimony March 12, 2002)

11. Lina Trivedi (Deposition December 13, 2001)

  12.  Ty Warner (Deposition March 1, 2002)

  13.  Ty Warner (Hearing October 1, 2004)

Defendants' objections and counter-designations to Plaintiff's deposition designations are contained in Exhibit J. Defendants' objections to Plaintiff's counter-designations are contained in Exhibit L.[1]

### G. Itemized Statement Of Special Damages

Plaintiff claims no special damages.

### H. Waivers Of Any Claims Or Defenses That Have Been Abandoned By Any Party

Neither party waives any claim or defense.

### I. Jury Trial Submissions

  (i) *Trial Briefs*

Plaintiff's trial brief is attached hereto as Exhibit M. Defendants' trial brief is attached hereto as Exhibit N.

  (ii) *Proposed Jury Instructions, Verdict Forms And Special Interrogatories*

Plaintiff's proposed jury instructions, verdict forms and special interrogatories are attached hereto as Exhibit O. Defendants' proposed jury instructions, verdict forms and special interrogatories are attached hereto as Exhibit P.

  (iii) *List Of Jury Questions Pursuant To Fed.R.Civ.P. 47(a)*

Plaintiff's proposed questions to prospective jurors in accordance with Rule 47(a) are attached hereto as Exhibit Q. Defendants' proposed questions to prospective jurors in accordance with Rule 47(a) are attached hereto as Exhibit R.

### J. Proposed Findings Of Fact And Conclusions Of Law

---

[1] Exhibit L is blank. Defendants have no objections to Plaintiff's counter-designations.

This is a jury trial so there are no proposed findings of fact and conclusions of law.

**K.     Settlement Negotiations**

The parties have had some settlement discussions but they were unsuccessful. Most recently in November of 2005, the parties had a settlement conference with Judge Lefkow. At that time, Plaintiff made a settlement demand. In response, Defendants indicated that they would not settle unless Ty paid Defendants. However, Defendants have not made a settlement demand, notwithstanding being specifically requested by the Court to do so. Thus, further negotiations are not likely to be productive.

**L.     Statement Regarding The Completion Of Discovery**

The parties have completed discovery.

**M.     Motions In Limine**

The parties are filing their motions in limine concurrent with the filing of this Final Pretrial Order. A list of Plaintiff's motions in limine is attached as Exhibit S. A list of Defendants' motions in limine is attached as Exhibit T.

3.     The trial of this case is expected to take approximately 2 weeks. The trial is scheduled to commence on April 17, 2006.

4.     Jury __X__          Non-jury _____

5.     The Plaintiff recommends that 8 jurors be selected at the commencement of the trial. The Defendants recommend that 12 jurors be selected at the commencement of the trial.

6.     The question as to whether the issues of liability and damages should or should not be bifurcated for trial is moot in light of the Seventh Circuit's ruling that the new trial be limited to liability only.

7. The parties do not consent to this case being reassigned to a magistrate judge for trial.

8. This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

9. Possibility of settlement of this case was considered by the parties.


Date: _____          _____
                              THE HONORABLE JOAN HUMPHREY LEFKOW
                              UNITED STATES DISTRICT COURT JUDGE



| /s/ Louise T. Walsh_____ | /s/ Andrew M. Hale (per his permission) |
|---|---|
| James P. White, Esq. (3001032) | Andrew M. Hale |
| Louise T. Walsh, Esq. (6230479) | Kevin W. Horan |
| J. Aron Carnahan, Esq. (6242642) | John J. Rock |
| WELSH & KATZ, LTD. | ROCK FUSCO, LLC |
| 120 S. Riverside Plaza • 22nd Floor | 321 N. Clark, Suite 2200 |
| Chicago, IL  60606 | Chicago, IL 60610 |
| (312) 655-1500 | (312) 494-1000 |
| Counsel for Plaintiff | Counsel for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006, I electronically filed the foregoing **Final Pretrial Order** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Filing Users, including the following:

Andrew M. Hale
ahale@rockfuscollc.com

Kevin W. Horan
khoran@rockfuscollc.com

John J. Rock
jrock@rockfuscollc.com

/s/ Louise T. Walsh
Counsel for Plaintiff

**Index of Attachments to Final Pretrial Order**

| Exhibit | Description |
|---|---|
| A | Plaintiff's Trial Exhibit List and Demonstrative Exhibit List |
| B | Defendants' Trial Exhibit List and Demonstrative Exhibit List |
| C | Plaintiff's Objections to Defendants' Trial Exhibit List and Demonstrative Exhibit List |
| D | Defendants' Objections to Plaintiff's Trial Exhibit List and Demonstrative Exhibit List |
| E | Plaintiff's Objections to Defendants' Witness List |
| F | Defendants' Objections to Plaintiff's Witness List |
| G | Plaintiff's Designations |
| H | Defendants' Designations |
| I | Plaintiff's Objections and Counter-Designations to Defendants' Designations |
| J | Defendants' Objections and Counter-Designations to Plaintiff's Designations |
| K | Plaintiff's Objections to Defendants' Counter-Designations |
| L | Defendants' Objections to Plaintiff's Counter-Designations |
| M | Plaintiff's Trial Brief |
| N | Defendants' Trial Brief |
| O | Plaintiff's Proposed Jury Instructions, Interrogatories and General Verdict Form |
| P | Defendants' Proposed Jury Instructions, Interrogatories and General Verdict Form |
| Q | Plaintiff's Proposed Voir Dire Questions |
| R | Defendants' Proposed Voir Dire Questions |
| S | List of Plaintiff's Motions in Limine |
| T | List of Defendants' Motions in Limine |